FILED by KT D.C.
ELECTRONIC
March 3, 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF FLORIDA

DAVE GUEVARA, )
)
    Plaintiff, )
) **09-CV-20537-Graham-Torres**
v. )
) CIVIL ACTION NO. _____
MICCOSUKEE TRIBE OF )
INDIANS OF FLORIDA, )
)
    Defendant. )
)
_____ )

## COMPLAINT

Plaintiff, DAVE GUEVARA, by and through his undersigned attorney hereby sues Defendant, MICCOSUKEE TRIBE OF INDIANS OF FLORIDA, and would say:

1. Plaintiff, DAVE GUEVARA, is a citizen and resident of the State of Florida and the United States of America, over the age of eighteen years and otherwise sui juris.

2. Defendant, MICCOSUKEE TRIBE OF INDIANS OF FLORIDA is a tribe of American Indians whose lands are situate primarily within the boundaries of Miami-Dade and Broward Counties, Florida.

3. Plaintiff is a member of a protected class, African-Americans.

4. Jurisdiction of this Court is invoked under Title 28, United States Code, § 1343, and the proceeding authorized by 42 U.S.C. § 1981.

1

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Plaintiff's claims arise in this district.

6. Plaintiff was employed by Defendant from April 10, 1991 until September 18, 2008 as a police officer in the Miccosukee Tribe of Indians of Florida, Miccosukee Police Department.

7. At all times relevant, Plaintiff was in a contractual relationship with Defendant within the meaning of 42 U.S.C. § 1981, as amended.

8. During the course of Plaintiff's employment, Defendant violated Plaintiff's rights by depriving Plaintiff of his right to the enjoyment of all benefits, privileges, terms and conditions of employment "as is enjoyed by white or other non-African American ," in violation of 42 U.S.C. § 1981, as amended.

9. In particular, Plaintiff alleges that:

    a. Plaintiff occupied the position of sergeant in Defendant's police department prior to the latter months of 2002. At that time the then current chief of police left Defendant's police department and, before leaving, promoted Plaintiff to the position of lieutenant. Plaintiff served in the capacity of lieutenant in charge until the middle of the year 2003 when a white officer from another police department was hired by Defendant as its new chief of police. From that time until November 2006, Defendant served in the capacity of lieutenant.

    b. On November 1, 2006, Defendant demoted Plaintiff from the position of lieutenant in the police department to police officer with a commensurate loss of pay without explanation. At the same time

2

        Defendant promoted a white junior sergeant to the lieutenant position that had been held by Plaintiff;

    c. Plaintiff was discharged from his employment upon allegations that he committed a violation of one of Defendant's policies. Other white and non-African-American employees who committed the same alleged violation of Defendant's policy were neither reprimanded nor discharged.

10. During the course of Plaintiff's employment, Plaintiff has not enjoyed the same benefits, privileges, terms and conditions of employment as have white or other non-African-American officers.

11. Defendant's treatment, practices and policies directed toward him denied Plaintiff the full and equal benefits of all laws and proceedings for the security of persons and property "as is enjoyed by white citizens" and other non-African-American citizens in violation of 42 U.S.C. § 1981, as amended.

12. Defendant's treatment, practices and policies directed toward Plaintiff denied him the right to make and enforce contracts "as enjoyed by white citizens" and other non-African-American citizens in violation of 42 U.S.C. §1981, as amended.

13. Through their actions and treatment of Plaintiff, Defendant intended to discriminate against Plaintiff on the basis of Plaintiff's race.

14. As a result of the foregoing deprivations, Plaintiff has suffered anxiety, distress, embarrassment and humiliation from the loss of his position as a police officer; has suffered and will continue to suffer loss of wages and

3

fringe benefits as an employee of Defendant; and has suffered other compensable damages to be proved at trial.

WHEREFORE, Plaintiff, DAVE GUEVARA, requests judgment against Defendant, MICCOSUKEE TRIBE OF INDIANS OF FLORIDA, as follows:

a. Compensation in an amount to be determined at the time of the trial of this cause;

b. Interest as allowable by law;

c. Costs of this action; and

d. Such other and further relief as the Court deems just and proper.

PLAINTIFF, DAVE GUEVARA, HEREBY DEMANDS A TRIAL BY JURY.

Dated: February    , 2008                      Respectfully submitted,

                                               _____
                                               Barbara H. Schreibman, Esq.
                                               Fla. Bar. No. 0935123
                                               2645 Executive Park Drive
                                               Suite 102
                                               Weston, FL 33331
                                               Email: Barbara@schreibmanlaw.com
                                               Phone: (954) 389-1452
                                               Facsimile: (954) 389-1462

4

°₊JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**
DAVE GUEVARA

**DEFENDANTS**
MICCOSUKEE TRIBE OF INDIANS OF FLORIDA

**(b)** County of Residence of First Listed Plaintiff   MIAMI-DADE
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   MIAMI-DADE
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
BARBARA H. SCHREIBMAN, ESQ., ATTORNEY-AT-LAW
2645 EXECUTIVE PARK DRIVE - SUITE 102
WESTON, FLORIDA 33331
(954) 389-1452

Attorneys (If Known)

1:09CV20537-Graham-Torres

**(d)** Check County Where Action Arose: ✓ MIAMI-DADE  ☐ MONROE  ☐ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST. LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
✓ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ✓ 1 | ✓ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | | | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

✓ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).**
(See instructions second page):
a) Re-filed Case ☐ YES ✓ NO       b) Related Cases ☐ YES ✓ NO
JUDGE                                         DOCKET NUMBER

**VII. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. § 1981 - Violation of Plaintiff's rights due to racial discrimination

LENGTH OF TRIAL via  3   days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ✓ Yes   ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD   [signature]
DATE   March 3, 2009

FOR OFFICE USE ONLY
AMOUNT 350.00   RECEIPT # 545619   IFP