**CLOSED CIVIL CASE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 09-20537-CIV-GRAHAM/TORRES

DAVE GUEVARA,

    Plaintiff,

v.

MICCOSUKEE TRIBE OF INDIANS OF FLORIDA,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Defendant's Motion to Dismiss the Complaint [D.E. 11].

**THE COURT** has considered the Motion, the relevant portions of the record, and is otherwise fully advised in the premises.

## I.  BACKGROUND

Plaintiff Dave Guevara brings this action against the Miccosukee Tribe of Indians under 42 U.S.C. § 1981 [D.E. 1]. According to the Complaint, Plaintiff worked as a police officer in the Miccosukee Tribe of Indians of Florida, Miccosukee Police Department [D.E. 1]. Plaintiff alleges that during his tenure at the Miccosukee Police Department, he did not enjoy the same benefits, privileges, and terms and conditions of employment as white officers and/or non-African American officers [D.E. 1].

Before the Court is Defendant's Motion to Dismiss the Complaint [D.E. 11]. Specifically, Defendant argues that this

Court lacks subject matter jurisdiction because the action is barred by tribal sovereign immunity, and that Plaintiff fails to state a claim upon which relief may be granted.

## II. DISCUSSION

"Indian Tribes have long been recognized as possessing the common-law immunity from suit traditionally enjoyed by sovereign powers." Freemanville Water System, Inc. V. Poarch Band of Creek Indians, 563 F.3d 1205, 1207-08 (11th Cir. 2009). "Thus, an Indian tribe is subject to suit only where Congress has authorized the suit or the tribe has waived its immunity." Freemanville, 563 F.3d at 1208. "Tribal sovereign immunity, where it applies, bars actions against tribes regardless of the type of relief sought." Id. at 1208. "When Congress intends to abrogate tribal sovereign immunity, it must do so expressly, with clear and unequivocal language." Id. at 1208.

In Taylor v. Alabama Intertribal Council Title IV J.T.P.A., the Plaintiff brought a § 1981 employment discrimination claim against her employer, the Alabama Intertribal Council, and two board members of the Council. Taylor v. Alabama Intertribal Council Title IV J.T.P.A., 261 F.3d 1032 (11th Cir. 2001). On appeal, the Eleventh Circuit found that the lawsuit was barred by tribal sovereign immunity. Taylor, 261 F.3d at 1034. In determining whether § 1981 governed an Indian tribe, the Eleventh Circuit first inquired into Congressional intent. Taylor, 261 F.3d

at 1035. The court found that "Taylor's § 1981 claim, in substance, is a disparate treatment employment discrimination claim and, in its discussions of Title VII, Congress has explicitly indicated that it does not intend for Indian tribes to be subject to disparate treatment employment discrimination suits for Indian tribe-based employment." Taylor, 261 F.3d at 1035. Ultimately, the Eleventh Circuit concluded that "it would be wholly illogical to allow plaintiffs to circumvent the Title VII bar against race discrimination claims based on a tribe's Indian employment preference programs simply by allowing a plaintiff to style his claim as a § 1981 suit." Id. at 1035. Based on the foregoing, the court found that "permitting Taylor to bring a § 1981 claim against AIC for race discrimination would contradict congressional intent."

Like in Taylor, Plaintiff's claim is essentially a disparate treatment employment discrimination claim. Thus, based on the reasoning in Taylor, this Court finds that Plaintiff's action is barred by tribal sovereign immunity.

In his response to the motion to dismiss, Plaintiff argues that Defendant has waived its tribal sovereign immunity. "[W]aivers of tribal sovereign immunity cannot be implied on the basis of a tribe's actions, but must be unequivocally expressed." Sanderlin v. Seminole Tribe of Florida, 243 F.3d 1282, 1286 (11th Cir. 2001)(quoting State of Florida v. Seminole Tribe, 181 F.3d 1237, 1243(11th Cir. 1999)). In other words, Plaintiff must

demonstrate that Defendant "expressly and unmistakably waived its right to sovereign immunity from suit." Sanderlin, 243 F.3d at 1286. In support of his argument, Plaintiff provides the following language which allegedly appears in Defendant's "Law Enforcement Officer Bill of Rights":

> Every Law Enforcement Officer shall have the right to bring civil suit against any person, group of persons, or organization or corporation, for damages, either pecuniary or otherwise, suffered during the performance of the officer's official duties or for abridgment of the Officer's civil rights arising out of the Officer's performance of official duties.

[D.E. 15 at 11]. First of all, the alleged Law Enforcement Bill of Rights was not attached to Plaintiff's Complaint, so it should not be considered on a motion to dismiss. Furthermore, even assuming that such a document exists, the quoted language does not demonstrate that Defendant "expressly and unmistakably" waived its right to sovereign immunity from suit.

III. CONCLUSION

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss the Complaint [D.E. 11] is **GRANTED**. It is further

**ORDERED AND ADJUDGED** that this case is **CLOSED** and any pending motions are **DENIED as moot**.

4

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of November, 2009.

_____
DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record